# Coulter et al. v. Hardin et al.

(Decided April 29, 1938.)

JOSEPH POLIN and JOHN A. POLIN for appellants.

W. F. GRIGSBY and C. E. RANKIN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

In the contest of the will of Richard S. Hardin the trial court directed the jury to return a verdict for the contestees, motion for a new trial was overruled, and the contestants have appealed.

Richard S. Hardin died November 27, 1935. He was 76 years of age. He had been married three times. His first wife was a Miss Nannie B. Hall, whom he married about 1879, and who bore him three children. The oldest child died in infancy. His second wife was Miss Mallie Mattingly, who bore him five children, one of whom was Charlie Hardin, who died December 20, 1928, leaving three children. R. S. Hardin's third wife was a Miss Anderson. No children were born of that marriage. She and Mr. Hardin separated, what became of her this record does not disclose, so we do not know whether she died, was divorced, or survived Mr. Hardin as his widow. She was not made a party to this litigation and the record does not disclose why.

The will in question is dated June 14, 1934, and the substance of it is this:

"I will and devise to my daughter, Dora Gaines, the sum of Two Hundred ($200.00) Dollars; I will and devise to my daughter, Flossie Coulter Two Hundred ($200.00) Dollars; I will and devise to my daughter Lillie Ryan, the sum of Two Hundred ($200.00) Dollars; I will and devise to the

children of my son, Charlie Hardin, who is dead, the sum of Two Hundred ($200.00) Dollars to be divided equally among the three children. I will and devise to my son, Harvey Hardin as a special bequest all of my household and kitchen furniture. All of the remainder of the estate which I die possessed of both real and personal of every kind and description and wherever located, I will and devise to my three sons, J. H. Hardin, Harvey Hardin and Clem Hardin, to be divided equally among them, share and share alike.

"I hereby appoint my two sons, J. H. Hardin and Harvey Hardin, executors of this my last will and testament with full power and authority to sell and make proper deed of conveyance to all and every part of my estate and it is my desire that they be permitted to qualify by executing bond in the sum of One ($1.00) Dollar without surety."

The contestants are Mrs. Dora Gaines, a daughter of the first marriage; Mrs. Flossie Coulter, the oldest child of his second marriage; Mrs. Lillie Ryan, the youngest daughter of his second marriage; and the three children of Charlie Hardin, deceased, who was the youngest child of his second marriage.

Mr. Hardin left an estate of something over $13,000. If he had died intestate, his estate would have paid about $2,000 to each of the seven sharers into which in would have been divided. By the terms of his will, four shares of his estate will be only $200 each, and the three remaining shares about $4,000 each.

The sole ground of contest is that this will was obtained by undue influence. Evidence of undue influence is always rather difficult to obtain and it is usually shown by circumstances rather than by direct evidence thereof.

In this case we are unable to find any evidence that this will was so obtained. For some years Richard S. Hardin and three favored beneficiaries of this will farmed together. Some years ago Clem Hardin conveyed to his father his interest in certain land they had bought together and his father conveyed to Clem certain land but these deeds are not in the record. About 1932 John H. Hardin parted with his interest in the partnership property and moved to another state,

but the record does not disclose on what terms. That left Harvey and the old man and they continued to live and farm together so long as the old man lived. That gave Harvey an opportunity for the exercise of an undue influence over his father but we have no evidence that he did so. Opportunity to exercise an undue influence must be coupled with some evidence it was exercised in order to set aside a will.

In the case of Laun v. De Pasqualte, 254 Ky. 314, 71 S. W. (2d) 641, this question was sharply presented and under the heading of "undue influence" we collected the cases where opportunity and slight evidence of its exercise were held sufficient to set aside a will and those where opportunity and other evidence were held insufficient. We feel this case belongs in the latter class.

In the last 24 hours of his life Mr. Hardin was troubled about some papers he wanted torn up, but there is no evidence he was talking about his will. One witness mentions the word "will" in his testimony, but later said he did not know what the old man was talking about. Clem Hardin in his testimony quotes Harvey as saying:

"Q. What did he tell you was in the will? A. He said Pa told him he had a will and not to tell anyone until after he was gone and he said he is gone now and I am going to tell you.

"Q. What did he say? A. He said I give Dora $200.00; I give Flossie, $200.00; I give Lillie $200.00 and Charlie's three children $200.00, to be equally divided among the three and he said I give Harvey my household and kitchen furniture as a special bequest.

"Bills to be paid and the remainder to be equally divided among us three."

At first blush this looks like Harvey was admitting he had made this will, but a careful consideration of it induces us to regard this as a report by Harvey of what his father had told him. Of course, this will makes an unequal, and possibly an unjust, division of Mr. Hardin's estate, but it is admitted his mind was sound when he made it. The law gave him the right to make such a division as he desired and, in the absence of any showing that he was unduly influenced to make this will

as he did, the trial court did not err in direcitng the jury to find this paper to be the will of Richard S. Hardin.

Judgment affirmed.

Whole court sitting.